UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL R. MILLER ) | CIVIL ACTION |
| Plaintiff ) | |
| ) | COMPLAINT - |
| v. ) | JURY DEMAND |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC ) | |
| Defendant ) | OCTOBER 28, 2008 |
| ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and also includes pendant state law claims for violations of the Creditor Collection Practices Act, Conn. Gen. Stat. §§ 36a-645 *et. seq.*

### II. PARTIES

2. The plaintiff, Paul R. Miller, is a natural person residing in Bethany, Connecticut.

3. The defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware Limited Liability Company located in Norfolk, Virginia. PRA engages in the purchase and collection of default consumer debt.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over PRA because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, as the Plaintiffs are residents and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. In June of 2008, PRA contacted Mr. Miller via mail and telephone in an attempt to collect a debt.

8. PRA's letter was addressed to "Paul J. Miller".

9. During the first telephone conversation, Mr. Miller explained that he had never had a card issued by the original creditor listed in PRA's letter.

10. Mr. Miller also pointed out that the middle initial of the debtor PRA was looking for was "J", while his middle initial was "R".

11. PRA attempted to verify Mr. Miller's social security by giving him the last four of the social security number on record.

12. Mr. Miller stated that the last four digits did not match his social security number.

13. PRA stated that the address of the debtor at the time the account was opened with the original creditor was in Ohio.

14. Mr. Miller stated that he had never lived outside of Connecticut.

15. On June 26, 2008, PRA sent Mr. Miller a letter stating "The Dispute Department at Portfolio Recovery Associates ("PRA") understands that you wish to dispute this account because you have been a victim of identity theft or fraud."

16. PRA's letter stated that Mr. Miller needed to submit paperwork to substantiate the identity theft claim and to include an official identity theft report or other written statement officially declaring him a victim of identity theft.

17. Mr. Miller never stated he was a victim of identity theft or fraud. He simply pointed out to PRA that it had contacted the wrong Paul Miller.

18. Consequently, Mr. Miller did not return any paperwork to PRA because it was irrelevant to his dispute.

19. On July 23, 2008, PRA sent Mr. Miller a letter stating that it was terminating its dispute investigation because Mr. Miller failed to send "additional information pertaining to the account…"

20. The letter further stated that, "[t]he account is being returned to the collection floor and our representatives will be instructed to pursue the outstanding balance due on this account."

21. PRA then continued contacting Mr. Miller.

22. PRA contacted Mr. Miller several times at his place of employment after being told not to.

23. PRA also contacted Mr. Miller's parents even though PRA had already spoken to and verified Mr. Miller's contact information.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

24. Paragraphs 1-23 are herein incorporated.

25. PRA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a)(3) by assuming the debt to be valid even though Mr. Miller orally disputed the debt and by shifting the burden of proving the dispute on to Mr. Miller.

26. PRA violated FDCPA § 1692b(3) by contacting Mr. Miller's parents more than one time when it already possessed valid contact information for Mr. Miller.

27. PRA violated FDCPA § 1692c(b) by contacting Mr. Miller's parents without authorization.

28. PRA violated FDCPA § 1692c(a)(3) by contacting Mr. Miller at his place of employment after being told not to.

29. PRA violated FDCPA § 1692d(5) by engaging Mr. Miller and his parents in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass him and his parents.

30. PRA violated FDCPA § 1692e by falsely stating that Mr. Miller disputed the account as a victim of identity theft or fraud.

31. PRA violated FDCPA § 1692e(10) by requiring Mr. Miller to provide proof that he was a victim of identity theft in order for PRA to continue its dispute investigation even thought Mr. Miller never claimed to be a victim of identity theft.

32. PRA violated FDCPA § 1692e(2)(A) by misrepresenting the character of the debt.

4

33. For PRA's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover his actual damages (including emotional distress), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### SECOND CAUSE OF ACTION
**Violations of Creditor Collection Practices Act, Conn. Gen. Stat. §§ 36a-645 et seq.**

34. Paragraphs 1-23 are herein incorporated.

35. PRA violated the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. §§ 36a-645 *et. seq.* and regulations promulgated thereunder by the Connecticut Department of Banking, as follows:

   a. PRA violated Conn. Agencies Reg. § 36a-647-5(14) by refusing to make a reasonable effort to determine the validity of a debt Mr. Miller disputed.

   b. PRA violated Conn. Agencies Reg. § 36a-647-3(b)(2) by contacting Mr. Miller's parents more than one time when it already possessed valid contact information for Mr. Miller.

   c. PRA violated Conn. Agencies Reg. § 36a-647-4(b) by contacting Mr. Miller's parents without authorization.

   d. PRA violated Conn. Agencies Reg. § 36a-647-(a)(3) by contacting Mr. Miller at his place of employment after being told not to.

   e. PRA violated Conn. Agencies Reg. § 36a-647-5(5) by engaging Mr. Miller and his parents in telephone conversation repeatedly or continuously, the natural consequence of such action being annoyance, abuse, or harassment.

   f. PRA violated Conn. Agencies Reg. § 36a-647-6 by falsely stating that Mr. Miller disputed the account as a victim of identity theft or fraud.

g. PRA violated Conn. Agencies Reg. § 36a-647-6(11) by requiring Mr. Miller to provide proof that he was a victim of identity theft in order for PRA to continue its dispute investigation even thought Mr. Miller never claimed to be a victim of identity theft.

h. PRA violated Conn. Agencies Reg. § 36a-647-6(2)(A) by misrepresenting the character of the debt.

36. For PRA's violations of the Creditor Collection Practices Act as described above, the Plaintiff is entitled to recover his actual damages (including emotional distress), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to Conn. Gen. Stat. § 36a-648.

WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k and Conn. Gen. Stat. § 36a-648; statutory damages pursuant to 15 U.S.C. § 1692k and Conn. Gen. Stat. § 36a-648; attorney's fees and costs pursuant to 15 U.S.C. § 1692k and Conn. Gen. Stat. § 36a-648; and such other relief as this Court deems appropriate.

PLAINTIFF, PAUL R. MILLER

By: _____
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Matthew W. Graeber, ct27545
mgraeber@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408  Fax. (860) 571-7457